IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE, *S.C., an individual*,

           Plaintiff,

v.                                                                   1:23-cv-00451-SCY-JMR

THE SHERATON, LLC, STARWOOD
HOTELS & RESORTS WORLDWIDE,
INC., and LOUISIANA HOTEL
CORPORATION d.b.a SHERATON
ALBUQUERQUE UPTOWN,

           Defendants.

## ORDER QUASHING ORDER TO SHOW CAUSE AND GRANTING PETITION TO PROCEED ANONYMOUSLY

This matter is before the Court on Plaintiff's Response to Order to Show Cause. Doc. 7. Because Plaintiff was proceeding anonymously in this Court without first filing a petition asking for permission to do so, on May 25, 2023, the Court issued an Order to Show Cause, which ordered Plaintiff to show cause by June 15, 2023, why her full name should not be disclosed in filings with the Court. Doc. 3. On May 25, 2023, Plaintiff filed her response, which she asked the Court to treat as a petition to proceed anonymously. Doc. 7 at 3. Defendants were given until June 29, 2023, to file a response. Doc. 3. Defendants did not file a response.

Having reviewed the briefing, the relevant law, and being fully apprised of the circumstances, the Court finds Plaintiff's arguments well taken. The Court hereby QUASHES the Order to Show Cause (Doc. 3). The Court will treat Plaintiff's Response to the Order to Show Cause (Doc. 7) as a petition to proceed anonymously and will GRANT the petition.

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a)

prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the standard of the Eleventh Circuit, the Tenth Circuit in *Femedeer* explained,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ*., 127 F. App'x 409, 411 (10th Cir. 2005) (unpublished).

Here, plaintiff Jane Doe alleges that she was the victim of human sex trafficking. Doc. 7 at 1. Plaintiff further alleges that the hotel chain defendants knowingly or recklessly participated in or benefitted from Plaintiff's sex trafficking. Doc. 1 at 16. Plaintiff argues that putting her name on the public record "exposes her to great risk of retribution from her pimp(s), johns, and others with an interest in keeping her silent and exposes her to potential ridicule and shame from those that learn of her exploitation." Doc. 7 at 2. Plaintiff points out that sex trafficking victims regularly "serve as key witnesses in the trials of their pimps and other criminals involved in their trafficking." *Id.* Therefore, Plaintiff states that her privacy and safety needs during this lawsuit outweigh the public's interest in knowing her identity. The Court agrees.

The Court finds that Plaintiff has met her burden of showing that her need for anonymity outweighs the public interest in favor of openness.  The Court finds that Plaintiff's allegations that she was trafficked and sexually assaulted are of a "highly sensitive and personal nature." *Femedeer*, 227 F.3d at 1246. "Sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (citing *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)). "[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195. Plaintiff's legitimate concerns of retribution, witness tampering, and physical danger outweigh "the countervailing public interest" that her identify be made public. *See Zavaras*, 139 F.3d at 803.

In addition, the Court notes that defendants have not objected to Plaintiff proceeding anonymously. The Court sees no prejudice to defendants in doing so. "If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiff[] be disclosed to the defense and the court but kept under seal thereafter."  *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). As such, defendants will know the identity of Plaintiff, and they are not hampered in their efforts to investigate and defend against Plaintiff's allegations. *See Doe No. 2 v. Kolko,* 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (finding no prejudice to the defendants where the defendants were provided the plaintiff's full name).  The Court notes that hearings and filings (albeit sometimes slightly redacted) connected to this case will be open to the public, and the Court is unaware of any significant interest the public might have in Plaintiff's identity.

For the reasons stated above, the Court grants Plaintiff permission to proceed anonymously in this case. **The Court orders Plaintiff to file, no later than July 21, 2023, an unredacted complaint under seal** that places on the record the Plaintiff in her real name as the party in interest. Plaintiff shall disclose the unredacted complaint to the defendants within the same timeframe. In all other filings, Plaintiff may proceed as "Jane Doe."

.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge