IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE (S.C.), an individual,

    Plaintiff,

v.                                           Case No. 23CV00451 KG/JMR

THE SHERATON, LLC, STARWOOD HOTELS
& RESORTS WORLDWIDE, LLC, STARWOOD
HOTELS & RESORTS WORLDWIDE, INC.,
MARRIOTT INTERNATIONAL, INC. AND
LOUSIANA HOTEL CORPORATION d/b/a
SHERATON ALBUQUERQUE UPTOWN,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff's Motion of Trustee Lawerence Warfield, Trustee of the Bankruptcy Estate of Jane Doe (S.C.), to Join as Party Plaintiff, (Doc. 140), filed March 18, 2025. Defendant Louisiana Hotel Corporation (LHC) filed its Response in Opposition, (Doc. 151), on April 1, 2025. No Reply was filed, and the remaining Defendants do not oppose Plaintiff's Motion. (Doc. 140) at 1. Having considered the briefing and the controlling law, the Court grants Plaintiff's Motion and joins Trustee Lawerence Warfield.

I.    *Background*

    Plaintiff, Jane Doe (S.C.), filed this lawsuit on May 24, 2023, against Defendants pursuant to the Trafficking Victims Protection Reauthorization Act (TVPRA). (Doc. 23) at 1. In May 2013, S.C. was allegedly trafficked at the Sheraton Albuquerque Uptown located in Albuquerque, NM. *Id.* at 10. According to S.C., her trafficker required her to travel to Albuquerque from California to perform commercial sex acts. *Id.* S.C. alleges her trafficker selected the Sheraton Albuquerque Uptown because he knew Sheraton policies and practices were favorable to trafficking, specifically, that it allowed cash payments. *Id.*

On March 8, 2024, ten months after filing this lawsuit, Plaintiff filed a voluntary Chapter 7 bankruptcy petition in Arizona. (Doc. 118) at 1. On April 23, 2024, the Trustee filed a Report of No Distribution on Plaintiff's Chapter 7 docket. (Doc. 120) at 1. Plaintiff received her discharge on July 1, 2024. *Id.* Plaintiff did not disclose this lawsuit to the bankruptcy court. (Doc. 142-1) at 2, ¶ 9. She also did not inform Defendants of her bankruptcy filing. It was not until Plaintiff's deposition, on January 16, 2025, that she admitted to the parties in this lawsuit that she filed for bankruptcy and failed to disclose this case in the bankruptcy proceeding. (Doc. 117) at 4, 85:12–18.

On January 30, 2025, Plaintiff filed a motion to reopen her bankruptcy case and to disclose this lawsuit and another similar lawsuit in a Texas federal court. (Doc. 121) at 2–3. Shortly after, on February 21, 2025, Defendants' Sheraton, LLC, Starwood Hotels & Resorts Worldwide, LLC, Starwood Hotels & Resorts Worldwide, Inc., and Marriott International, Inc. (collectively, Sheraton Defendants) filed a Motion for Summary Judgment, (Doc. 116), arguing judicial estoppel bars Plaintiff's claims. Then, on February 24, 2024, Defendant LHC filed a Motion for Summary Judgment for Lack of Capacity to Bring Suit and/or Judicial Estoppel. (Doc. 128).

Now, Plaintiff asks the Court to allow the trustee of the bankruptcy estate to join as a party plaintiff and as the real party in interest to this lawsuit. (Doc. 140) at 1. Defendant LHC opposes the motion, arguing Plaintiff should be judicially estopped from bringing these claims because she failed to disclose this lawsuit in her bankruptcy proceedings. (Doc. 151) at 1. In the alternative, LHC argues Trustee Warfield should be substituted as the real party in interest, S.C. should be judicially estopped from any recovery arising out of this lawsuit, and any recovery should be limited to the amount necessary to pay S.C.'s creditors and Trustee Warfield's fees. *Id.* at 1–2.

For clarity, the Court will not discuss whether judicial estoppel is appropriate considering Plaintiff's omission in her bankruptcy proceeding at this time. Instead, the Court will focus on whether Trustee Warfield should be joined to this lawsuit as the real party in interest. The Court will address the issue of judicial estoppel in a separate order.

## II.     *Legal Standard*

An action is prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a). A person may be joined in an action as a plaintiff if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

Claims and causes of action belonging to the debtor at the time of filing the bankruptcy petition are "property" of a bankruptcy estate. *Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir. 1996). Once Plaintiff filed for bankruptcy, her interest in this lawsuit became property of the bankruptcy estate. In this regard, Plaintiff's "causes of action against Defendant[s] passed to the bankruptcy estate upon the filing of a voluntary petition, and the trustee now possesses her rights with respect to those claims." *Bankr. Estate of Elliott v. Okla. ex rel. Dep't of Corr.*, 06-65, 2008 U.S. Dist. LEXIS 82198, at *15 (W.D. Okla.) (citing *Foster v. Hill (In re Foster)*, 188 F.3d 1259, 1266 (10th Cir. 1999)).

Under Federal Rule of Civil Procedure 17(a)(3),

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.

Tenth Circuit precedent permits the real party in interest to be substituted, ratify, or join under Rule 17(a)(3) only when commencement of the case by the wrong party was the result of an "honest mistake" and the defendant will not be prejudiced by the joinder.

3

> [W]e have never required a plaintiff seeking substitution to show that his mistake was understandable in addition to being honest. Rather, the primary focus of Rule 17(a)(3)'s substitution requirements is whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was honest), and…whether the defendant was prejudiced thereby. Thus, Tenth Circuit precedent permits the real party in interest to be substituted, ratify, or join under Rule 17(a)(3) only when commencement of the case by the wrong party was the result of an honest mistake and the defendant will not be prejudiced by the joinder.

*In re Sandia Resorts, Inc.*, 2016 WL 3150998, at *7 (Bankr. D.N.M.).

### III.   *Discussion*

The Court will allow Trustee Warfield to join as party Plaintiff because Plaintiff S.C. properly named herself when she filed this lawsuit.  LHC appears to argue that Plaintiff's failure to disclose this case to the bankruptcy court and continued prosecution indicate that Plaintiff's original filing in her name was not an honest mistake.  (Doc. 151) at 4–5.  However, LHC is mistaken.  Under Rule 17(a)(3), the relevant inquiry is not whether Plaintiff's conduct in bankruptcy court was the result of an honest mistake. The inquiry instead is whether naming herself as an interested party at the inception of this case was the result of an honest mistake.

Plaintiff properly named herself as party Plaintiff when this lawsuit was filed.  A reasonable inference is that Plaintiff did not know she would be filing for bankruptcy ten months after filing this lawsuit.  Thus, the initial filing under her name was correct.  Even if she knew she would later file for bankruptcy, it is not until that matter is filed that a trustee is assigned to her case.  See e.g. *Metro. Paving Co. v. Int'l Union of Operating Eng'rs*, 439 F.2d 300, 306 (10th Cir. 1971) (permitting substitution of corporations for joint venture where "it was clear from the outset that the three corporations were the real parties in interest" and "there was no prejudice to the defendant," even though applicable statute of limitations had run at time of substitution). This

Court cannot say here that there was deliberate tactical maneuvering in the bankruptcy proceedings, it is not apparent in the issue at bar.

Further, the Court does not find that the Trustee's joinder would prejudice LHC. The claims and defenses in this case remain unchanged. The only difference that will result from allowing Trustee Warfield to join this matter is who will receive a damages award, if any. Thus, Trustee Warfield will be substituted as party Plaintiff because Plaintiff S.C. is no longer an interested party.

*IV.    Conclusion*

For the reasons discussed above, the Court grants Plaintiff's Motion, (Doc. 140), and joins Trustee Lawerence Warfield as party Plaintiff. The Court requires additional briefing on the issue of judicial estoppel, specifically, whether the personal injury claims of S.C. should be judicially estopped based on her failure to disclose this case to the bankruptcy court by May 14, 2025. Defendants have until May 28, 2025, to file a response, if they determine one is necessary.

IT IS SO ORDERED:

(1) Plaintiff's Motion, (Doc. 140), is granted.

(2) Trustee Warfield is substituted as party Plaintiff.

(3) Trustee Warfield brief the Court on the issue of judicial estoppel by May 14, 2025.

/s/ KENNETH J. GONZALES[1]<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.